STATE *ex rel.* DENZIL F. PECK

*v.*

HONORABLE ODEN F. GOSHORN,

*Judge, etc., et al.*

(No. 14237)

Decided December 12, 1978.

*Charles R. Garten, Jr.,* for relator.

CAPLAN, CHIEF JUSTICE:

In this original proceeding in prohibition the petitioner, Denzil F. Peck, seeks to prohibit the enforcement of a judgment entered against him in the Circuit Court of Kanawha County. Also sought to be prohibited is the garnishment of his wages pursuant to the aforesaid judgment.

The petitioner was sued in the magistrate court of Kanawha County for the balance allegedly due on an account. The plaintiffs in that action were represented by counsel before the magistrate. The defendant appeared in person without counsel. At the conclusion of the hearing a judgment was entered against the petitioner in the amount of $800.00, plus costs. Seeking an appeal, the petitioner, on October 31, 1977 posted a proper appeal bond.

On January 18, 1978 the petitioner's appeal was heard by the Honorable Oden F. Goshorn, Judge of the Circuit Court of Kanawha County. At this hearing, which is a *trial de novo* under the provisions of *W.Va. Code*, 1931, 50-5-12, as amended, counsel for the plaintiffs announced that he was ready for trial and waived a trial by jury and a court reporter. Petitioner Peck failed to appear, either individually or by counsel. After hearing the evidence, the court found for the plaintiffs and entered judgment in the sum of $656.43. After a writ of execution was returned as unsatisfied, a suggestee execution was issued and the petitioner's wages were garnished in May, 1978. The petitioner alleges that until that time he had no notice of any kind concerning his appeal.

In his petition Mr. Peck alleges that he was not represented by counsel in the magistrate court or in the circuit court and, being unschooled in the law, was unfamiliar with the procedures which have taken place relative to his appeal. The petitioner further alleges, on information and belief, that counsel for the plaintiffs received notice of the January 18, 1978 hearing by means of a calendar sent to attorneys practicing in the circuit court which lists the days upon which appeals from magistrate court will be heard. On the other hand, says the petitioner, a party without counsel receives no notice of the time of the appeal or the court wherein it is to be heard. No answer was filed and no appearance was made by the respondent judge in this proceeding, although in a letter to the Clerk of this Court, he acknowledged that no notice of the hearing was given to the petitioner and that it has been the policy of the circuit court to proceed in such appeals without notice.

The petitioner here asserts that under the procedure relative to his appeal, as described above, he was deprived of due process of law and of the equal protection of law in violation of his constitutional rights. The equal protection assertion is not argued in his brief, nor have the facts relative thereto been sufficiently developed to make a decision thereon. We are of the opinion, however,

that the petitioner's contention on due process is meritorious and the relief sought is granted.

Due process of law is synonymous with fundamental fairness. It has been described as the very essence of the concept of ordered justice. *Brock v. North Carolina*, 344 U.S. 424, 73 S. Ct. 349, 97 L. Ed. 456 (1953). Without due process the right to liberty or property could not meaningfully exist. The succinct language of the Supreme Court in *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950) effectively demonstrates the urgency of notice when one's liberty or property rights are being adjudicated. There the Court said:

> Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.
>
>     *   *   *
>
> 'The fundamental requisite of due process of law is the opportunity to be heard' *Grannis v. Ordean*, 234 U.S. 385, 394. This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.

*See State ex rel. Payne v. Walden*, 156 W.Va. 60, 190 S.E. 2d 770 (1972); *State ex rel. Bowen v. Flowers*, 155 W.Va. 389, 184 S.E.2d 611 (1971); *Walter Butler Building Company v. Soto*, 142 W.Va. 616, 97 S.E.2d 275 (1957); *Goldberg v. Kelly*, 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970); *Armstrong v. Manzo*, 380 U.S. 545, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965); and *Schroeder v. City of New York*, 371 U.S. 208, 83 S. Ct. 279, 9 L. Ed. 255 (1962).

It is apparent, from the aforementioned letter from Judge Goshorn and from the unanswered verified petition filed in this case, that neither the appellant nor the

appellee get notice of the time when and place where the appeal will be heard. This is a time when liberty or property rights may be adjudicated and the lack of notice does not comport with our concept of due process of law. Nor is it significant that this petitioner was the appellant. He is not learned in the procedures of the law whereby his rights are to be adjudicated and fundamental fairness requires that he be notified so that he "can choose for himself whether to appear or default, acquiesce or contest."

It is alleged in the petition and acknowledged by Judge Goshorn's letter that appeals received by the circuit court from the magistrate court accurately disclose the addresses of the parties. In view of this undisputed fact, we perceive no reason why parties to an appeal to the circuit court should not receive effective notice of the time and place of their appeal. The manner in which notice is to be given is a matter for the circuit court and its clerk to formulate. The cost of such notice can be attached as a cost of the case.

We hold, therefore, that to comply with the requirements of due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article III, Section 10 of the Constitution of West Virginia notice of the time and place of an appeal from a magistrate's court to a circuit court must be afforded to the parties.

The relief prayed for is awarded.

*Writ awarded.*