## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Crystal Johnson,**
**Respondent Below, Petitioner**

**FILED**

May 29, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 14-0912** (Kanawha County 14-C-AP-133)

**Pavel Kirik,**
**Petitioner Below, Respondent**

### MEMORANDUM DECISION

Petitioner Crystal Johnson, appearing *pro se*, appeals the order of the Circuit Court of Kanawha County, entered on August 14, 2014, that awarded respondent a judgment in the total amount of $3,930 after it held a bench trial at which petitioner was not present. Respondent Pavel Kirik, appearing *pro se*, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed and this case is remanded for a new trial.

Respondent filed a civil action against petitioner on November 19, 2013, in the Magistrate Court of Kanawha County. According to respondent's complaint, petitioner agreed to sell respondent wedding merchandise previously listed by petitioner on the EBay website. Respondent's complaint further alleged that he made a $500 deposit through the PayPal website and later tendered petitioner a personal check for $2,450. Respondent arranged for the transfer of the goods by United Parcel Service, but numerous pickups of the items failed. Consequently, respondent sought the return of the total purchase price.

Petitioner was served with the complaint on December 14, 2013. On January 16, 2014, the magistrate court granted respondent's motion for a default judgment and awarded him $2,950. However, after respondent provided the magistrate court confirmation that she had faxed her answer to the court on December 30, 2013, the court vacated the default judgment. Subsequently, following a bench trial on July 7, 2014, the magistrate court awarded respondent a judgment in the amount of $1,240 plus court costs. According to petitioner, the magistrate court found that both parties shared responsibility for the failure to transfer the merchandise. However, respondent appealed the judgment to the Circuit Court of Kanawha County seeking the full amount he claimed.

1

The circuit court noticed the case for a trial *de novo* to be conducted on August 14, 2014.[1] The circuit court entered the notice of hearing on August 7, 2014, and a notation in the bottom left corner of the notice indicates that it was mailed to the parties on that same date by first class mail.[2] Petitioner does not dispute that the notice of hearing was received at her residence, but states that by the time the notice was delivered, she had gone out of town for work-related reasons. According to petitioner, she was in Boston, Massachusetts, from August 10, 2014, to August 15, 2014, for work-related reasons, and while she was away, her relative checked her mail on August 12, 2014. Thereafter, Ms. Johnson's relative phoned to tell her that the notice for the August 14, 2014, trial had arrived. Petitioner states that she left messages to the circuit court on both August 12, 2014, and August 13, 2014, notifying the court that she was out of town and inquiring as to what would be necessary to continue the case. On the morning of August 14, 2014, petitioner received a voice mail from the circuit court notifying her that the trial would proceed without her. Petitioner further states that upon receiving the voice mail, she immediately called the circuit court and was informed that the court had entered a judgment for $3,930 against her.

The circuit court's final judgment order corroborates—and respondent does not dispute—petitioner's factual recitation as to why she did not appear for the August 14, 2014, trial. In the final order, the circuit court noted the following: (1) Petitioner received notice of the August 14, 2014, trial "through her mother's telling her [that] the Court had communicated with her"; (2) prior to trial, petitioner contacted the circuit court informing it that she could not attend the trial because petitioner stated that "she was out of town at a conference"; (3) Petitioner failed to appear for the trial; and (4) the trial "was held as previously noticed."

Also in the final order, the circuit court stated that in petitioner's absence, the court heard respondent's testimony and considered documentary evidence. The circuit court awarded respondent $2,480 for the undelivered goods,[3] $600 for the attempted pickups of the items, $490 for travel expenses, calculated at $0.25 per mile,[4] and $360 for court costs for a total amount of $3,930. Petitioner appealed the circuit court's August 14, 2014, final judgment order on September 15, 2014.

---

[1] Rule 18(d) of the West Virginia Rules of Civil Procedure for Magistrate Courts provides, in pertinent part, that "[a]n appeal of a civil action tried before a magistrate without a jury shall be by trial de novo in circuit court[.]" *See also* W.Va. Code § 50-5-12(b) (same).

[2] According to page 133.1.5 of the Mailing Standards of the United States Postal Service, Domestic Mail Manual, the Postal Service sets a goal of delivering first class mail in one to three days, but does not guarantee delivery within that time. The Postal Service has incorporated by reference the Domestic Mail Manual into Title 39 of the Code of Federal Regulations. *See* 39 C.F.R. § 111.1.

[3] While respondent's complaint stated that his check to petitioner was for $2,450, a photocopy of the check shows that it was for $2,480. According to petitioner, the $500 deposit that respondent paid her was subsequently returned to him through PayPal.

[4] Respondent resides in Rochester, New York.

2

We apply the standard for reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont,* 198 W.Va. 329, 331, 480 S.E.2d 538, 540 (1996).

On appeal, both parties address the merits of the case; however, because the circuit court held the August 14, 2014, trial with only one party present, we resolve petitioner's appeal on her claim that she received inadequate notice and no opportunity to be heard. In *State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 422, 249 S.E.2d 765, 766 (1978), in which the defendant did not receive notice of the trial de novo held pursuant to an appeal from a magistrate court, we prohibited the enforcement of the judgment entered by the circuit court, stating that the Due Process Clause[5] requires that the deprivation of property by adjudication must be preceded by both notice and a reasonable opportunity to be heard. We further explained that "[t]he fundamental requisite of due process of law is the opportunity to be heard." *Id.* (internal quotations and citations omitted).

We find that the circuit court's final judgment order corroborates—and respondent does not dispute—petitioner's factual recitation that she received notice of the trial on August 12, 2014, through her relative picking up her mail, and thereafter, notified the court that she could not appear for the August 14, 2014, trial because she was out of town for work. There is no indication that with only one full day until the trial, petitioner could have left her work-related conference and returned to Kanawha County for the trial with reasonable effort and at a reasonable cost. Nonetheless, the circuit court held the trial and entered a judgment against petitioner for $3,930. Accordingly, we determine that the circuit court did not afford petitioner due process, and therefore, abused its discretion in entering judgment against her.

We note that it is of no moment that the circuit court adjudicated the merits of the case rather than granting respondent a judgment based on petitioner's non-appearance. *See Peck*, at 421, 249 S.E.2d at 765 (judgment was entered by circuit court "[a]fter hearing the evidence"). If petitioner had not been away for work when she received notice of the trial, she could have appeared and presented her own testimony and evidence to rebut that of respondent. Accordingly, we remand this case for a new trial after adequate notice has been given to both parties.

For the foregoing reasons, we reverse the August 14, 2014, final order of the Circuit Court of Kanawha County and remand this case for a new trial.

---

[5] The Fourteenth Amendment to the United States Constitution provides, in pertinent part that "nor shall any State deprive any person of life, liberty, or property, without due process of law." Article III, § 10 of the West Virginia Constitution similarly provides, in pertinent part, that "[n]o person shall be deprived of life, liberty, or property, without due process of law[.]"

Reversed and Remanded.

**ISSUED:** May 29, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4