STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**April 15, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Jamie G.,**
**Respondent Below, Petitioner**

**vs) No. 15-0106** (Clay County 07-D-20)

**Billy B.,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Jamie G.,[1] pro se, appeals the January 12, 2015, order of the Circuit Court of Clay County that refused her appeal of two orders entered by the Family Court of Clay County on December 3, 2014. In its first order, the family court dismissed petitioner's petition for contempt against Respondent Billy B. because petitioner failed to serve him with the petition. In its second order, the family court denied a petition for modification filed by petitioner but modified the parties' parenting plan as requested by respondent. Respondent did not file a response.[2]

The Court has considered petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, petitioner's brief, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]On February 6, 2016, this Court entered an order noting that respondent failed to file a response and directed him to do so. Despite this Court's order, respondent did not file any response. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, this Court will assume that the respondent agrees with petitioner's view of the issue. However, the Court declines to rule in petitioner's favor simply because respondent failed to file a response. *See* Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991).

1

reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are divorced and have three children together. The oldest child is now an adult. According to their dates of birth, the two youngest children are now sixteen- and fifteen-years-old, respectively. Prior to the most recent orders of the family court, petitioner had visitation with the minor children on alternate weekends—on Saturday from 10:00 a.m. to 8:00 p.m., and on Sunday from 10:00 a.m. to 8:00 p.m.—and had unlimited telephone visitation with them. On September 26, 2014, petitioner filed a petition for contempt alleging that respondent was not complying with the parenting plan by frequently informing petitioner that "he wouldn't be there" to exchange the children with "no explanation." On September 29, 2014, petitioner filed a petition for modification of the parenting plan. Petitioner requested custody of the parties' minor daughter and that the parties have alternating custody of their minor son.

Respondent filed a response to the petition for modification on November 19, 2014, and countered that petitioner "continues to make the exchange of the children between [petitioner] and [respondent and his wife] so volatile, that an exchange usually means yet another incident with law enforcement being called." Respondent asserted that the petition for modification was frivolous and was another attempt by petitioner to inject "chaos" into the exchange of the children. Respondent noted that the minor children had attained sufficient ages that their desires as to custody and visitation "should be considered paramount to that of either parent." Consequently, respondent asked the family court to deny petitioner's petition and grant his request that all contact between the children and petitioner be at the children's discretion.

The family court held a hearing on November 19, 2014, at which both parties appeared. Following that hearing,[3] the family court entered two orders on December 3, 2014. In its first order, the family court dismissed petitioner's petition for contempt against respondent because petitioner failed to serve him with the petition. In its second order, the family court denied petitioner's petition for modification, but modified the parties' parenting plan as requested by respondent. The family court ruled that "[t]he minor children may contact [petitioner] if they wish to spend time with [petitioner]." The family court made several findings of fact to support its ruling:

4.      [Petitioner] continues to create conflict with [respondent] and the children which results in unnecessary stress on the children.

5.      [Petitioner] continues to file fraudulent reports of domestic violence or child abuse[.]

6.      [Petitioner] got into an altercation with [respondent]'s wife.

---

[3]We have viewed the recording of the November 19, 2014, family court hearing.

2

7.     [Petitioner] currently has charges against her for violation of a Kanawha County order.[4]

8.     That continued contact between the children, [respondent], and [petitioner] is not in the best interest of the minor children.

9.     That all three children are over the age of fourteen (14) years old and are mature enough to state their preference regarding visitation with [petitioner].

Petitioner appealed the family court's December 3, 2014, orders to the circuit court which refused her appeal by an order entered January 12, 2015. In refusing the appeal, the circuit court determined that "the family court fully considered the evidence adduced and arrived at a parenting plan that is in the best interests of the children, with due to regard to the rights of the respective parents."

Petitioner appeals the circuit court's January 12, 2015, order refusing her appeal of the family court's December 3, 2014, orders. We review the matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

With regard to the family court's first order, petitioner does not dispute the family court's finding that she failed to serve respondent with her petition for contempt. Accordingly, we conclude that the family court did not abuse its discretion in dismissing that petition.

With regard to the family court's second order, petitioner seeks reversal of that order and joint custody of the minor children, overnight visitation every other weekend, and additional parenting time for part of the summer on the following grounds. Procedurally, petitioner contends that she was denied due process by the Clay County judicial system. "Due process of law is synonymous with fundamental fairness." *State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 422, 249 S.E.2d 765, 766 (1978). First, petitioner alleges that the guardian ad litem ("GAL") previously appointed to conduct an investigation into the children's safety in 2009, attorney Barbara Schamberger, had a conflict of interest because she had represented respondent in another matter.

---

[4]During the pendency of her appeal, petitioner has informed this Court that she "can't . . . send documents to [respondent]" because she "was falsely accused of domestic battery on [respondent]'s wife[.]"

3

However, we find that Ms. Schamberger's participation in the case ended before the instant modification proceeding was initiated.[5] Second, petitioner alleges that, also in 2009, she was not afforded an opportunity to obtain counsel. We find that petitioner later had counsel in the case, who was permitted to withdraw by an order entered November 7, 2012.[6] Third, petitioner alleges that the family court and circuit court judges were prejudiced against her. However, we find that petitioner never filed a motion for disqualification pursuant to Rule 17.01 of the West Virginia Trial Court Rules. Thus, we conclude that petitioner's allegations that she was deprived of due process of law are unsupported by the record.

Substantively, petitioner contends that respondent is unduly influencing the children to avoid spending time with petitioner. "Although parents have substantial rights that must be protected, the primary goal . . . in all family law matters . . . must be the health and welfare of the children." Syl. Pt. 3, *In Re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996); *see also Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) ("[T]he best interests of the child is the polar star by which decisions must be made which affect children."). Also, when children are of sufficient age, they have the right to state their preference as to matters of child custody and visitation. *See* W.Va. Code § 44-10-4(a) (providing that a minor of fourteen or more years may nominate his or her guardian).

The family court determined that the children were experiencing "unnecessary stress" and that petitioner was the cause. The family court found that petitioner (1) creates conflict with respondent and the children; (2) files fraudulent reports of domestic violence or child abuse against respondent and his present wife; and (3) has a confrontational relationship with respondent's wife. We note that the family court made these findings following a hearing. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). Therefore, we do not disturb the findings supporting the family court's conclusion that continued contact with petitioner "is not in the best interest of the minor children." Accordingly, we conclude that the family court did not abuse its discretion in modifying the parties' parenting plan to provide that all contact between the children and petitioner is at the children's discretion.

For the foregoing reasons, we affirm the circuit court's January 12, 2015, order refusing petitioner's appeal of the family court's December 3, 2015, orders dismissing petitioner's petition for contempt and modifying the parties' parenting plan.

Affirmed.

---

[5]Another attorney was appointed GAL by an order entered November 2, 2012.

[6]According to counsel's withdrawal motion, which petitioner requested as part of the record on appeal, petitioner agreed with counsel's decision to withdraw from the case. The family court's November 7, 2012, order which permitted counsel's withdrawal confirms that "no hearing on the motion is necessary nor has been requested."

4

**ISSUED: April 15, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II