# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Tex H.,**
**Petitioner Below, Petitioner**

**vs)   No. 16-0033** (Fayette County 15-C-306-H)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**March 24, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Tex H.,[1] pro se, appeals the December 23, 2015, order of the Circuit Court of Fayette County dismissing his petition for a writ of habeas corpus. David Ballard, Warden, Mount Olive Correctional Complex, by counsel Zachary Aaron Viglianco, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal.[2] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]On September 15, 2016, petitioner filed a motion to supplement the record with various documents. We grant, in part, and deny, in part, the motion and order the record supplemented with the circuit court's October 23, 2009, order denying petitioner's petition for a writ of habeas corpus and the transcript of the February 11, 2009, habeas corpus hearing in Fayette County Circuit Case No. 07-C-439.

1

In November of 2004, petitioner was convicted in the Circuit Court of Fayette County of eight counts of incest, eight counts of sexual abuse in the second degree, and eight counts of sexual abuse by a parent or custodian. The victim was petitioner's step-granddaughter, S.L.M., who testified against him at trial.[3] The circuit court sentenced petitioner to consecutive terms for an aggregate sentence 199 to 480 years in prison.

In January of 2005, petitioner filed a motion for new trial asserting that S.L.M. wanted to recant her testimony. On February 7, 2005, S.L.M. executed an affidavit stating that she lied at trial and petitioner did not commit sexual offenses against her. After a hearing, the circuit court denied the motion for new trial. Following the denial of petitioner's motion for a new trial, he appealed his convictions to this Court and argued that the circuit court committed reversible error in refusing to hear S.L.M.'s recantation. On November 17, 2005, this Court refused petitioner's criminal appeal.

Petitioner has filed four petitions for a writ of habeas corpus. Petitioner received a hearing and appointment of counsel in his second habeas proceeding. On February 11, 2009, at the beginning of the hearing, petitioner's attorney listed the issues that petitioner wanted the circuit court to consider. Next, petitioner's habeas attorney began presentation of petitioner's case by introducing the deposition testimony of his trial attorney into evidence. Petitioner's attorney also called S.L.M. as a witness and, in the first part of her testimony, introduced into evidence three exhibits regarding S.L.M.'s recantation: (1) S.L.M.'s February 7, 2005, affidavit stating that she lied at trial and petitioner did not commit sexual offenses against her; (2) a 2005 letter S.L.M. wrote petitioner in prison apologizing for her trial testimony; and (3) a statement provided by S.L.M. to the police, transcribed in 2006, in which she also recanted her trial testimony. When the February 7, 2005, affidavit was introduced into evidence, S.L.M. testified that she signed the affidavit of her own "free will" and that, when she was asked by the police if she was being threatened to change her testimony, she answered, "no."

However, following the admission of the three exhibits, S.L.M. testified that her trial testimony was truthful, that petitioner did commit the sexual offenses, that she lied in both the affidavit and the police statement, and that she signed the false affidavit because her aunt paid her $2,000 to do so. At the conclusion of S.L.M.'s testimony, petitioner's attorney accepted the circuit court's offer to confer with petitioner in private. After that conference, petitioner's attorney called petitioner as a witness to testify regarding his allegations that his trial counsel was ineffective.

By order entered October 23, 2009, the circuit court denied petitioner's request for habeas relief. First, the circuit court found that S.L.M.'s trial testimony was "clear, unequivocal, true[,] and accurate" and that, during the February 11, 2009, hearing, she "clearly and unequivocally, fully and convincingly, disavowed" her subsequent recantation of that testimony. The circuit court further found that "substantial" evidence was presented at trial, "upon which an impartial jury of twelve adults could and did justifiably find . . . [p]etitioner guilty beyond a reasonable doubt of all crimes," of which he was convicted. The circuit court also rejected petitioner's allegations of

---

[3]At a February 11, 2009, habeas corpus hearing, S.L.M. testified that she was twelve or thirteen years old when the alleged conduct occurred.

2

ineffective assistance of counsel. The circuit court specifically found that the grounds for habeas relief raised in petitioner's May 28, 2008, *Losh* checklist "fail[ed] to rise to the requisite constitutional dimension to be sufficient habeas corpus relief."[4] Finally, the circuit court deemed all issues not raised in petitioner's amended habeas petition or the *Losh* checklist "intentionally, knowingly[,] and voluntarily waived."

On November 19, 2015, petitioner filed the instant habeas petition on the ground that he was innocent of the alleged offenses against S.L.M.[5] Petitioner based his claim of innocence on the following grounds: (1) the circuit court failed to provide petitioner with due process of law in his second habeas proceeding; (2) petitioner's habeas attorney failed to provide effective assistance in that proceeding; and (3) at trial, the State failed to disclose exculpatory evidence in the form of a diary alleged authored by S.L.M. and evidence regarding "a mentally challenged adult female"—in whose case petitioner was accused, but not indicted. The circuit court dismissed the petition on December 23, 2015, finding that "[p]etitioner has . . . exhausted all of his available post-conviction judicial remedies" because "[p]etitioner, with counsel, has already failed in an [o]mnibus [h]abeas [c]orpus 2009 hearing" in an application of the doctrine of res judicata pursuant to syllabus point four of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Petitioner now appeals the circuit court's December 23, 2015, order dismissing his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner raises twenty-three issues. "This Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance." Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958). Accordingly, we address only those issues raised in the instant habeas petition before the circuit court, plus petitioner's contention that the circuit court failed to make findings adequate to support the dismissal of that petition. Respondent asserts that none of petitioner's issues have merit. We agree.

---

[4]*See Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981).

[5]Petitioner filed a third habeas petition on October 8, 2010, which the circuit court dismissed on October 10, 2010. Petitioner appealed the dismissal of that petition in *[Tex H.] v. Ballard*, No. 101437, at 3 (W.Va. Supreme Court, March 12, 2012) (memorandum decision), in which this Court affirmed the circuit court's October 10, 2010, order.

3

As an initial matter, petitioner contends that his second habeas proceeding was not conducted fairly. *See State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 422, 249 S.E.2d 765, 766 (1978) (finding that concept of fundamental fairness is synonymous with due process of law). Based on our review of the circuit court's October 23, 2009, order and the transcript of the February 11, 2009, hearing, we find that petitioner's second habeas proceeding was fundamentally fair.[6] First, the circuit court acted in accordance with syllabus point two of *Losh*, pursuant to which an omnibus habeas corpus proceeding is generally comprised of (1) appointment of counsel; and (2) an evidentiary hearing. 166 W.Va. at 762, 277 S.E.2d at 608. Next, at the February 11, 2009, hearing, the circuit court heard argument by petitioner's habeas attorney regarding the existence of exculpatory evidence and the attorney's statement that prosecutorial misconduct was an issue "set forth in . . . the amended [habeas] petition." In response, respondent's attorney argued that there was "no evidence [that] the State had any reason to have any knowledge of [S.L.M.'s] recantation prior to trial." Thus, the substantive issue present in petitioner's instant habeas petition—whether the State improperly withheld exculpatory evidence—was addressed in his second habeas proceeding. Lastly, the circuit court's October 23, 2009, order reflects that it addressed the two issues on which petitioner presented witness testimony (S.L.M.'s recantation and ineffective assistance of trial counsel) and every other issue raised in petitioner's pleadings in the second habeas proceeding. Therefore, we reject petitioner's assignment of error that the circuit court failed to provide him with due process of law in that proceeding.[7]

As his second issue, petitioner contends that his attorney in the second habeas proceeding failed to provide effective assistance. That a habeas petitioner is entitled to effective assistance is evident in our holding in syllabus point 4 of *Losh*, which provides that the doctrine of res judicata generally bars subsequent petitions:

---

[6]We note that petitioner was due a fair proceeding, not a perfect one. *See Sprouse v. Clay Communication, Inc.*, 158 W.Va. 427, 464, 211 S.E.2d 674, 698 (1975).

[7]Petitioner notes that, in both his third habeas proceeding and the instant proceeding, he filed motions for the disqualification of The Honorable John W. Hatcher, Jr., from presiding in his case. In the instant habeas proceeding, the Chief Justice denied petitioner's motion for disqualification of Judge Hatcher and directed the judge to continue presiding in this case by an administrative order entered on December 21, 2015. The motion for disqualification filed by petitioner in his third habeas proceeding was never ruled upon due to an apparent oversight. However, petitioner contends that the lack of a ruling on that prior motion tainted every subsequent proceeding with procedural unfairness. We disagree. In *Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W.Va. 762, 773, 724 S.E.2d 733, 744 (2012), we found that a failure to follow proper procedure in ruling on a motion for disqualification was harmless error when there is insufficient evidence to warrant the circuit judge's disqualification. In the instant case, as reflected in the Chief Justice's December 21, 2015, administrative order, there was insufficient evidence to warrant Judge Hatcher's disqualification. Therefore, we conclude that the lack of a ruling on the motion for disqualification filed by petitioner in his third habeas proceeding was harmless and did not taint every proceeding that came after it.

A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; *however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing . . .*

166 W.Va. at 762-63, 277 S.E.2d at 608 (emphasis added).

In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Moreover, "[i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Miller*, 194 W.Va. at 6-7, 459 S.E.2d at 117-18, syl. pt. 6, in part.

Regarding the alleged exculpatory evidence referred to in petitioner's petition, he contends that his habeas attorney knew of the diary allegedly authored by S.L.M. and should have introduced it into evidence at the February 11, 2009, hearing. However, we find that any decision to forego introducing the diary into evidence was a strategic choice that petitioner's habeas attorney was entitled to make. While petitioner claims that the diary was authored by S.L.M., he admits that it never has been authenticated as such. It is not unreasonable to assume that respondent's attorney would have objected to the diary's admission on that ground depending on S.L.M.'s response to any question about it. On the other hand, S.L.M. readily admitted that she signed the February 7, 2005, affidavit, wrote the 2005 letter to petitioner in prison, and provided the statement that was transcribed in 2006. Thus, petitioner's attorney previously showed that S.L.M. recanted her trial testimony that petitioner committed sexual offenses against her. Therefore, in addition to the question of the diary's authenticity, it would have been duplicative of what was already established at the hearing. Accordingly, we conclude that petitioner's habeas attorney's failure to introduce the diary allegedly authored by S.L.M. was not ineffective assistance.[8]

---

[8]Although the record is not clear, it appears that the other evidence claimed as exculpatory in petitioner's instant habeas petition—evidence regarding "a mentally challenged adult female" whom petitioner was accused of sexually abusing—was presented at trial in this case pursuant to Rule 404(b) of the West Virginia Rules of Evidence regarding prior bad acts. Petitioner assigns no error to that evidence's admission as such. Rather, petitioner contends that the State should have been required to inform the jury that, when those accusations were presented to the grand jury, petitioner was not indicted for any offense against the other female. We reject this argument for two reasons. First, the argument constitutes a misapplication of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), which held that the prosecution has an obligation to produce exculpatory material to the (continued . . .)

5

Petitioner also complains that his habeas attorney was unprepared when S.L.M. reaffirmed the truth of her trial testimony that petitioner molested her. However, we find that petitioner is relying on hindsight to argue his attorney was ineffective in calling S.L.M. as a witness, which argument is not allowed under the *Strickland/Miller* standard. First, we find that, earlier in her testimony, S.L.M. gave no indication that she was about to disavow the recantation of her trial testimony because S.L.M. testified that she signed the February 7, 2005, affidavit of her own "free will" and that, when she was asked by the police if she was being threatened to change her testimony, she answered, "no." Second, we find that petitioner's habeas attorney prepared for S.L.M's testimony at the February 11, 2009, hearing by deposing his trial attorney. As petitioner's habeas attorney argued—and S.L.M testified—she approached his trial attorney when she wanted to recant her testimony following trial. Thus, we find that petitioner's habeas attorney prepared for S.L.M.'s testimony and was not ineffective in calling her. It was just that S.L.M.'s eventual disavowal of her recantation was unexpected, evidenced by the circuit court's observation that it had "no idea" that S.L.M.'s testimony would unfold as it did. Therefore, we reject petitioner's contention that his habeas attorney failed to provide effective assistance in his second habeas proceeding.

Given that petitioner was provided with both due process of law and effective assistance of counsel, we find that his second habeas proceeding qualifies as an omnibus habeas corpus proceeding under syllabus point two of *Losh*. Accordingly, we find that the circuit court's finding that the doctrine of res judicata bars the instant petition given his "[o]mnibus [h]abeas [c]orpus 2009 hearing" is adequate to sustain the petition's dismissal. Therefore, we conclude that the circuit court did not abuse its discretion in dismissing petitioner's instant habeas petition.

For the foregoing reasons, we affirm the circuit court's December 23, 2015, order dismissing petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**:   March 24, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

defense. Second, we disagree with petitioner that the jury in this case would have been any less likely to convict him had it known that he was not indicted on similar charges regarding "a mentally challenged adult female."

6