# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs)   **No. 16-0941** (Barbour County 07-F-44)

**Letcher M.,**
**Defendant Below, Petitioner**

**FILED**

**November 3, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Letcher M.,[1] pro se, appeals the September 10, 2016, order of the Circuit Court of Barbour County denying his motion for correction of illegal sentence. Respondent the State of West Virginia ("State"), by counsel Gordon L. Mowen, II, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on five counts of second-degree sexual assault and two counts of sexual abuse by a guardian or custodian. On March 19, 2008, the parties entered into a plea agreement, whereby petitioner agreed to plead guilty to one count of sexual abuse by a parent, guardian, or custodian and three counts of third-degree sexual assault as a lesser included offense of second-degree sexual assault. The State agreed to dismiss the remaining charges. With regard to sentencing, the plea agreement provided as follows:

> [Petitioner] acknowledges that he understands that . . . this [a]greement is
> the type specified in Rule 11(e)(1)(B) of the West Virginia Rules of Criminal

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

Procedure whereby the [State] will make a recommendation or agree not to oppose [petitioner]'s request for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the [c]ourt and that[,] if the [c]ourt does not accept the recommendation or request, [petitioner] nevertheless has not [sic] right to withdraw the plea, as advised in subdivision (e)(2) of said rule.

The State will make a sentence recommendation based upon the [p]resentence [i]nvestigation.

Also, on March 19, 2008, petitioner filed a statement in support of his guilty pleas, in which he acknowledged that "the matter of sentencing is strictly for the [c]ourt to decide" and that the court "will not be obligated or required to give any effect . . . to [the State's] recommendations." At a March 19, 2008, plea hearing, the circuit court accepted the parties' plea agreement and petitioner's guilty pleas, finding that he "freely and voluntarily entered" guilty pleas to one count of sexual abuse by a parent, guardian, or custodian and three counts of third-degree sexual assault. The circuit court further found that petitioner acknowledged that the court "was not bound by the recommendation of the State."

At a September 3, 2008, sentencing hearing, petitioner appeared in person and by counsel. Following statements by the parties, the circuit court denied a request for alternative sentencing on the ground that petitioner was not a suitable candidate. During the hearing, the circuit court sentenced petitioner to one term of ten to twenty years of incarceration for his conviction for sexual abuse by a parent, guardian, or custodian and to three terms of one to five years of incarceration for each conviction for third-degree sexual assault. The circuit court ordered that petitioner serve his sentences consecutively based on a finding that he is "a danger to children," which amounted to an aggregate term of thirteen to thirty-five years of incarceration.

On the same day as the sentencing hearing, the circuit court entered a commitment order committing petitioner to the custody of the West Virginia Division of Corrections ("DOC"). The September 3, 2008, commitment order listed only petitioner's sentence of ten to twenty years of incarceration for sexual abuse by a parent, guardian, or custodian. Consequently, on September 9, 2008, the DOC issued petitioner a time sheet that listed only petitioner's sentence for sexual abuse by a parent, guardian, or custodian and calculated his minimum discharge date as February 6, 2018. The DOC time sheet included a disclaimer that the time calculation was "based on information from [his] commitment and/or sentencing orders" and that, if there were errors, the inmate was to contact his "attorney or the circuit clerk to request an amended order."

On September 18, 2008, the circuit court memorialized its rulings from the September 8, 2008, hearing in a sentencing order that set forth that petitioner was sentenced to one term of ten to twenty years of incarceration for his conviction for sexual abuse by a parent, guardian, or custodian and to three terms of one to five years of incarceration for each conviction for third-degree sexual assault and that he was to serve those sentences consecutively. Accordingly, the circuit court, *sua sponte*, entered a corrected commitment order on September 30, 2008, to reflect all four of petitioner's sentences.

The record does not reflect when the September 30, 2008, commitment order was sent to the DOC. However, the DOC issued a new time sheet to petitioner on February 23, 2010, reflecting that petitioner was serving four consecutive sentences for an aggregate term of thirteen to thirty-five years of incarceration with a minimum discharge date of August 7, 2025. The February 23, 2010, DOC time sheet set forth the same disclaimer as the September 9, 2008, time sheet: that the time calculation was "based on information from [his] commitment and/or sentencing orders" and that, if there were errors, the inmate was to contact his "attorney or the circuit clerk to request an amended order."

On April 21, 2016, petitioner filed a motion for correction of illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure.[2] First, petitioner contended that the September 30, 2008, corrected commitment order imposed an illegal sentence because the September 3, 2008, commitment order stated that he had a single sentence of ten to twenty years of incarceration. Second, petitioner contended that he entered his guilty pleas "with the understanding that the sentence to be levied would be a concurrent sentence[,] which would result in a 10 to 20 year [aggregate term]."

The circuit court denied petitioner's motion by order entered September 10, 2016, finding that he "is simply not entitled to the relief he has requested." Though the circuit court did not address petitioner's contention that he expected to serve concurrent sentences, the court found that the September 3, 2008, commitment order "was later superceded [sic] by a commitment form and full sentencing order for a total sentence of not less than thirteen (13) nor more than thirty[-]five (35) years." The circuit court explained that the September 3, 2008, commitment order was entered the same day as petitioner's sentencing hearing to shift the costs of his upkeep from Barbour County to the DOC and the form used for that order "did not contain space for all of [petitioner]'s sentences and was amended by the [c]ommitment [f]orm entered [on] September 30, 2008."

Petitioner appeals the circuit court's September 10, 2016, order denying his Rule 35(a) motion for correction of illegal sentence. In syllabus point 1 of *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016), we set forth the pertinent standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

On appeal, petitioner advances two arguments, which we address separately. First, petitioner contends that, before he was sentenced to an aggregate term of thirteen to thirty-five years of incarceration, he was denied due process of law because he did not have notice and an

---

[2]Rule 35(a) provides that an illegal sentence may be corrected at any time.

3

opportunity to be heard. The State counters that petitioner concedes that he was sentenced at the September 3, 2008, sentencing hearing when the court imposed the aggregate term of thirteen to thirty-five years of incarceration.

In *State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 422, 249 S.E.2d 765, 766 (1978), we found that due process of law requires "that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." (quoting *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 313 (1950)). In this case, petitioner appeared at the sentencing hearing both in person and by counsel. The circuit court heard petitioner's statement before finding that he was not a suitable candidate for alternative sentencing and imposing consecutive sentences based on a determination that he was "a danger to children." Therefore, we conclude that petitioner was afforded due process of law before he was sentenced to an aggregate term of thirteen to thirty-five years of incarceration.[3]

Second, petitioner contends that the imposition of consecutive sentences violated Rule 11 of the West Virginia Rules of Criminal Procedure, which governs pleas. The State counters that petitioner acknowledged in his statement in support of his guilty pleas that the circuit court would "not be obligated or required to give any effect . . . to [the State's] recommendations." We find that, in petitioner's motion for correction of an illegal sentence, he acknowledged that the State's only agreement was to make a sentence recommendation based on the presentence report.[4]

We find that an agreement by the State to make a sentence recommendation comes under Rule 11(e)(1)(B) and is known as a "B-type" agreement. *State v. Allman*, 234 W.Va. 435, 437, 765 S.E.2d 591, 593 (2014). Rule 11(e)(2) provides that "B-type" agreements are not binding on the circuit court and that, if the sentence recommendation is rejected, "the defendant nevertheless has no right to withdraw the plea." *See also Allman*, 234 W.Va. at 437-38, 765 S.E.2d at 593-94 (same).[5] Because the plea agreement was not binding on the circuit court, the court had discretion

---

[3]Petitioner further contends that, because the name of the circuit court judge was typed in on the signature line, the September 30, 2008, corrected commitment order was not validly entered and did not amend the September 3, 2008, commitment order, which omitted three of his four consecutive sentences. However, we find that the September 18, 2008, sentencing order controls over either commitment order and correctly reflects that petitioner was sentenced to an aggregate term of thirteen to thirty-five years of incarceration. *See Cart v. Seifert*, No. 12-0342, 2013 WL 1286076, at *2 (W.Va. March 29, 2013) (memorandum decision) (affirming denial of a habeas claim that petitioner was entitled to benefit from the sequence of his sentences set forth in the commitment order, which contradicted the way the sentences were listed in the sentencing order). We note that the judge signed the sentencing order.

[4]The record does not reflect what the State's sentence recommendation was. However, petitioner does not allege that the State's recommendation was inconsistent with the presentence report.

[5]In contrast, a plea agreement entered into pursuant to Rule 11(e)(1)(C) of the Rules of (continued . . .)

4

to impose consecutive terms and its decision to do so did not make petitioner's aggregate sentence illegal. *See Marcum*, 238 W.Va. at 27-28, 792 S.E.2d at 38-39, syl. pt. 4 (holding that the trial court has discretion to impose consecutive sentences). Therefore, we conclude that the circuit court properly denied petitioner's motion for correction of illegal sentence.

For the foregoing reasons, we affirm the circuit court's September 10, 2016, order denying petitioner's motion for correction of illegal sentence.

Affirmed.

**ISSUED**:   November 3, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

Criminal Procedure is known as a "C-type" agreement and is binding on the circuit court in that, if the court accepts a "C-type" agreement, it must impose the sentence that the agreement states is the appropriate disposition of the case. *See Allman*, 234 W.Va. at 437-38, 765 S.E.2d at 593-94 (citing *State ex rel. Forbes v. Kaufman*, 185 W.Va. 72, 76, 404 S.E.2d 763, 767 (1991)).

5