# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Daniel F. Mansberger,**
**Defendant Below, Petitioner**

**FILED**
**April 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)**     **No. 19-0226** (Monongalia County 18-MAP-11)

**City of Morgantown,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Daniel F. Mansberger, self-represented litigant, appeals the January 16, 2019, order of the Circuit Court of Monongalia County directing petitioner to pay a fine in the amount of $300 for having three inoperative motor vehicles on his property in violation of § 302.8 of the Morgantown Municipal Code ("municipal code"). Respondent City of Morgantown ("the City"), by counsel Matthew T. Thorn, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner owns property located at 2017 Carnegie Street in Morgantown, West Virginia. On June 13, 2018, after receiving a complaint, the City's code enforcement officer observed several inoperative motor vehicles on petitioner's property and issued petitioner a citation pursuant to § 302.8 of the municipal code. Section 302.8 generally provides, in pertinent part, that "no inoperative or unlicensed motor vehicle shall be parked, kept[,] or stored on any *premises*[.]" (Emphasis in original.) Following an August 28, 2018, hearing, the Morgantown Municipal Court ("municipal court") found petitioner guilty of violating § 302.8 and fined him $485, plus $ 40 in court costs and fees. Petitioner appealed the municipal court's judgment to the Circuit Court of Monongalia County and posted an appeal bond in the total amount of $525. On the appeal bond, the municipal court clerk erroneously noted that the applicable section of the municipal code was

1

§ 302.6 which regulates exhaust from a property's "[p]ipes, ducts, conductors, fans[,] or blowers[.]"

The circuit court held a trial de novo on the June 13, 2018, citation against petitioner on January 14, 2019.[1] At the beginning of trial, the City noted the erroneous reference to § 302.6 in the appeal bond and made a motion to correct the record that "the citation itself was written for [§] 302.8." Petitioner raised no objection, and the circuit court granted the City's motion. The City proceeded to present its case through the code enforcement officer's testimony and photos of the motor vehicles on petitioner's property taken by the officer.

Before petitioner began presenting his evidence, he made a motion to dismiss the City's case given the erroneous reference to § 302.6 in the appeal bond. The circuit court denied the motion to dismiss, but inquired as to whether petitioner needed a continuance to prepare his defense as to the citation based on § 302.8. Petitioner answered, "No, Your Honor. I'm ready to defend myself."

Petitioner testified and also introduced photos of the motor vehicles on his property. After hearing the parties' testimony and evidence, the circuit court found that petitioner had five motor vehicles on the property. The circuit court further found that while two of those vehicles were operative, the other three vehicles were inoperative in violation of § 302.8. Therefore, by order entered on January 16, 2019, the circuit court reduced petitioner's fine from $485 to $300 ($100 per inoperative motor vehicle) and otherwise left the municipal court's judgment "in full force and effect."

Petitioner now appeals the circuit court's January 16, 2019, order directing him to pay a fine in the amount of $300 for having three inoperative motor vehicles on his property in violation of § 302.8. We apply the standard for reviewing an order entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

---

[1]West Virginia Code § 8-34-1(e) provides, in pertinent part, that "[i]n the case of an appeal . . . before . . . [a] municipal court judge without a jury, the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury."

On appeal, petitioner argues that the City's case against him should be dismissed given the erroneous reference to § 302.6 in the appeal bond. The City counters that the circuit court properly denied petitioner's motion to dismiss as the June 13, 2018, citation correctly alleged a violation of § 302.8.

We find that the trial transcript reflects that petitioner raised no objection when the circuit court granted the City's motion to correct the record that "the citation itself was written for [§] 302.8." We further note that the June 13, 2018, citation is not in the appellate record. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides: "The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." In *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 216, 470 S.E.2d 162, 170 (1996), we stated that "[t]he rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace." In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we further stated that we "take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to give factual support to the claim." Therefore, given the omission of the citation—the charging instrument—from the appellate record, we disregard petitioner's argument that the circuit court erred in denying the motion to dismiss the City's case against him given the erroneous reference to § 302.6 in the appeal bond.

Although not clearly articulated, to the extent that petitioner makes a procedural due process argument, we have held that "[t]he due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard." Syl. Pt. 3, *Brittany S. v. Amos F.*, 232 W. Va. 692, 753 S.E.2d 745 (2012) (quoting Syl. Pt. 2, *Simpson v. Stanton*, 119 W. Va. 235, 193 S.E. 64 (1937)); *State ex rel. Peck v. Goshorn*, 162 W. Va. 420, 422, 249 S.E.2d 765, 766 (1978) (same). Here, the circuit court asked petitioner if he needed a continuance to prepare a defense to the City's case against him that he violated § 302.8. Petitioner answered, "No, Your Honor. I'm ready to defend myself." The trial transcript further reflects that petitioner successfully rebutted some of the City's evidence in that the circuit court found that not all of the vehicles were inoperative and reduced petitioner's fine from $485 to $300. Therefore, based on our review of the appellate record, we find that petitioner had notice and an opportunity to be heard. Therefore, we conclude that the circuit court did not err in finding in the City's favor and ordering petitioner to pay a fine in the amount of $300.

For the foregoing reasons, we affirm the circuit court's January 16, 2019, order.

Affirmed.

**ISSUED:** April 28, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison