# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 7, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOEL LAWSON,**
**Appellee Below, Petitioner**

**v.) No. 25-ICA-278**          (Cir. Ct. Kanawha Cnty. Case No. CC-20-2025-C-AP-68)

**MINDI DILLON,**
**Appellant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joel Lawson appeals the Circuit Court of Kanawha County's June 13, 2025, order vacating a magistrate court judgment Mr. Lawson obtained against Respondent Mindi Dillon. Ms. Dillon filed a response, and Mr. Lawson filed a reply.[1] The issue on appeal is whether Mr. Lawson was provided adequate notice of the magistrate court appeal hearing.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the decision and remanding to the circuit court for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mr. Lawson leased a home located in Kanawha County to Ms. Dillon. Ms. Dillon defaulted on the monthly rental payments, and in the spring of 2025, Mr. Lawson filed a wrongful occupation action against her in the Magistrate Court of Kanawha County. The magistrate court held a hearing on May 13, 2025, where the parties appeared and judgment was awarded to Mr. Lawson for possession of the home, $1,400.00 in unpaid rent, and court costs. Further, Ms. Dillon was ordered to vacate the property by May 31, 2025. On May 30, 2025, Ms. Dillon appealed the magistrate court judgment to the Circuit Court of Kanawha County.

The magistrate court appeal was set by the circuit court for an evidentiary hearing on June 12, 2025. The hearing notice is dated June 2, 2025, and it was entered by the clerk's office on June 5, 2025. The appendix record indicates that the hearing notice was mailed to the parties by the clerk's office on June 6, 2025, and that the hearing notice was delivered

---

[1] Mr. Lawson and Ms. Dillon are both self-represented.

1

by the United States Postal Service to Mr. Lawson's address on June 9, 2025. The appendix record further indicates that Mr. Lawson was out of town for work-related purposes from June 9, 2025, through June 12, 2025. The circuit court held the hearing on June 12, 2025. Ms. Dillon appeared but Mr. Lawson did not. In its June 13, 2025, Order Granting Civil Appeal, the circuit court vacated the magistrate court judgment against Ms. Dillon and struck the matter from the circuit court's active docket. Mr. Lawson's appeal of the circuit court's June 13, 2025, order followed.

The Supreme Court of Appeals of West Virginia ("SCAWV") has provided the standard for reviewing a judgment entered following a bench trial.

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). With these standards in mind, we address the parties' arguments.

On appeal, Mr. Lawson asserts four assignments of error; however, because the circuit court held the June 12, 2025, magistrate court appeal hearing with only one party present, we resolve Mr. Lawson's appeal on his claim of inadequate notice.[2] The Fourteenth Amendment to the United States Constitution provides, in pertinent part, that no "State [shall] deprive any person of life, liberty, or property, without due process of

---

[2] The issue of inadequate notice was not adjudicated by the circuit court below and is raised for the first time in this appeal. Generally, we will not consider nonjurisdictional questions raised for the first time on appeal. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (per curiam) (citations and quotations omitted). We recognize an exception to this general rule when the issue involves a constitutional question that is the controlling issue in resolution of the case. *See* Syl. Pt. 4, *Mountain America, LLC v. Huffman*, 224 W. Va. 669, 687 S.E.2d 768 (2009) (quoting Syl. Pt. 2, *Louk v. Cormier,* 218 W. Va. 81, 622 S.E.2d 788 (2005)) ("A constitutional issue that was not properly preserved at the trial court level may, in the discretion of this Court, be addressed on appeal when the constitutional issue is the controlling issue in the resolution of the case."). Here, Mr. Lawson's self-represented claim of inadequate notice implicates procedural due process, which is a constitutional question that controls our resolution of this appeal. Thus, we will consider this nonjurisdictional question as a reasonable accommodation to a self-represented litigant even though it was not raised below.

law." Similarly, Article III, § 10 of the West Virginia Constitution provides, in pertinent part, that "[n]o person shall be deprived of life, liberty, or property, without due process of law[.]" Regarding compliance with these constitutional provisions, the SCAWV has explained that "the deprivation of . . . property by adjudication [must] be preceded by notice and opportunity for hearing appropriate to the nature of the case." *State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 422, 249 S.E.2d 765, 766 (1978). The SCAWV further explained that "[t]he fundamental requisite of due process of law is the opportunity to be heard." *Id.* (internal quotations and citations omitted).

In *Johnson v. Kirik*, No. 14-0912, 2015 WL 3448192 (W. Va. May 29, 2015) (memorandum decision), a case before the SCAWV involving substantially similar facts and issues as in the present case, the circuit court noticed a magistrate court judgment appeal for a trial de novo on August 14, 2014. The circuit court entered the notice of hearing on August 7, 2014, and it was mailed to the parties on that same date by first class mail. *Johnson*, 2015 WL 3448192, at *1. By the time the notice was delivered, petitioner was out of town for work-related reasons. *Id.* Petitioner in that case was out of town from August 10, 2014, to August 15, 2014. *Id.* The SCAWV determined that notice received three days prior to the hearing while petitioner was out of town for work did not afford petitioner adequate notice or a reasonable opportunity to be heard. *Id.* at *2. The SCAWV remanded the case to circuit court for a new trial. *Id.* at *3.

In the case at hand, the circuit court clerk's office mailed hearing notices to the parties on June 6, 2025. Mr. Lawson's hearing notice was not delivered to his address by the United States Postal Service until June 9, 2025—only three days prior to the hearing and while he was out of town for work. He did not return from his work-related trip until June 12, 2025, after the hearing had already taken place. A fundamental tenet of procedural due process is the opportunity to be heard, and based on the circumstances presented here, we find that Mr. Lawson was denied such an opportunity. Therefore, we conclude that the notice provided to Mr. Lawson was inadequate and did not comply with the constitutional requirements of procedural due process.

For the foregoing reasons, we vacate the circuit court's June 13, 2025, order and remand this case to the circuit court for a new trial after adequate notice to both parties.

Vacated and Remanded.

**ISSUED:** April 7, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White