# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David C. Tabb,**
**Plaintiff Below, Petitioner**

**vs)  No. 16-0533** (Jefferson County 15-C-282)

**Jefferson County Board of Education;**
**Dr. Bondy Shay Gibson, Superintendent of Schools for Jefferson**
**County, West Virginia; Scott Sudduth, President;**
**Mark Osbourn, Vice President; Gary Kable, Board Member;**
**Laurie Ogden, Board Member; Kahtryn Skinner, Board Member;**
**and The Jefferson County Commission; Peter Onoszko, President;**
**Jane Tabb, Vice President; Josh Compton, Commissioner;**
**Patsy Noland, Commissioner; and Caleb Husdon, Commissioner;**
**Defendants Below, Respondents**

**FILED**

**June 2, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David C. Tabb, pro se, appeals two orders of the Circuit Court of Jefferson County. In the first order, entered April 20, 2016, the circuit court granted summary judgment to respondents in petitioner's action seeking a declaratory judgment that respondents failed to comply with statutory requirements for the holding of the December 12, 2015, special excess levy election. In the second order, entered May 23, 2016, the circuit court denied petitioner's motion to alter or amend its April 20, 2016, order.

Respondents Jefferson County Board of Education; Dr. Bondy Shay Gibson, Superintendent of Schools for Jefferson County, West Virginia; Scott Sudduth, President; Mark Osbourn, Vice President; Gary Kable, Board Member; Laurie Ogden, Board Member; and Kahtryn Skinner, Board Member (collectively, "Board of Education"); by counsel Tracey B. Eberling, filed a response in support of the circuit court's orders. Respondents Jefferson County Commission; Peter Onoszko, President; Jane Tabb, Vice President; Josh Compton, Commissioner; Patsy Noland, Commissioner; and Caleb Husdon, Commissioner (collectively, "County Commission"); by counsel Nathan P. Cochran, filed a response in support of the circuit court's orders.[1] Petitioner filed a reply to each response.

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the names of the current public officers have been substituted as the respondents in this action.

1

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 12, 2015, petitioner, a resident of Jefferson County, West Virginia, filed an action seeking a declaratory judgment that respondents failed to comply with West Virginia Code §§ 11-8-9, 11-8-12, and 11-8-16 for the holding of a special excess levy election for the Board of Education scheduled for December 12, 2015. In connection with his claim for declaratory relief, petitioner requested that the circuit court prohibit respondents from proceeding with the election. However, the circuit court failed to make a ruling prior to the December 12, 2015, special election, at which the voters approved the excess levy to fund the educational purposes listed on the ballot for the 2016, 2017, 2018, 2019, and 2020 fiscal years. Petitioner's action proceeded on his claim that the special election should be invalidated because of respondents' failure to comply with West Virginia Code §§ 11-8-9, 11-8-12, and 11-8-16.

Each respondent filed a motion to dismiss petitioner's action. Given its receipt of documents outside of the parties' pleadings, the circuit court converted the motions to dismiss into motions for summary judgment by order entered on February 24, 2016. The circuit court also permitted the parties to submit additional briefing and documentation in support of their positions. Petitioner objected to certain documents submitted by the Board of Education. By order entered on March 24, 2016, the circuit court directed the filing of proof authenticating the submitted documentation. On April 5, 2016, the Board of Education submitted a certification by the County Superintendent of Schools authenticating (1) the minutes for the March 9, 2015, board meeting; (2) the minutes for the March 23, 2015, board meeting; and (3) the Notice of Special Election for Renewal of Additional Levy to the Voters of Jefferson County. Petitioner filed a response to the certification of records on April 14, 2016, acknowledging that "true and accurate copies of the original record maintained by the Board of Education" were submitted. On April 20, 2016, the circuit court entered an order awarding summary judgment to respondents on petitioner's claim that the special election should be invalidated, finding that respondents complied with West Virginia Code §§ 11-8-9, 11-8-12, and 11-8-16. On April 29, 2016, petitioner filed a motion to alter or amend the April 20, 2016, order pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure. The circuit court denied petitioner's motion in an order entered on May 23, 2016.

Petitioner now appeals the circuit court's April 20, 2016, order awarding summary judgment to respondents and its May 23, 2016, order denying petitioner's motion to alter or amend the judgment. We review the entry of summary judgment *de novo*. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We need not independently review the May 23, 2016, order. *See* Syl. Pt. 1, *Wickland v. Am. Travellers Life In. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998) (holding that "[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to [Rule] 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based"). Pursuant to Rule 56(c), summary judgment shall be granted provided that "there is no genuine issue as to any material fact and that

2

the moving party is entitled to a judgment as a matter of law."

On appeal, petitioner reiterates arguments rejected by the circuit court and additionally argues that (1) the circuit court failed to reasonably accommodate him as a pro se litigant; and (2) the circuit court failed to afford him due process of law. The circuit court's April 20, 2016, and May 23, 2016, orders adequately address the arguments presented to that court in the summary judgment proceedings. Therefore, herein, we address only those arguments solely raised on appeal.

We address petitioner's two arguments together because they are inter-related given that "[t]he court should strive . . . to ensure that the diligent *pro se* party does not forfeit any substantial rights by inadvertent omission or mistake." *Blair v. Maynard*, 174 W.Va. 247, 253, 324 S.E.2d 391, 396 (1984); *see State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 422, 249 S.E.2d 765, 766 (1978) (finding that "[d]ue process of law is synonymous with fundamental fairness"). In *Blair*, we found that "[c]ases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not." 174 W.Va. at 253, 324 S.E.2d at 396. However, we cautioned that "the court must not overlook the rules to the prejudice of any party" and, "ultimately, the *pro se* litigant must bear the responsibility and accept the consequences of any mistakes and errors." *Id.*; *see W.Va. Dept. of Health & Human Resources Employees Federal Credit Union v. Tennant*, 215 W.Va. 387, 394, 599 S.E.2d 810, 817 (2004) (finding that pro se litigant waived right to jury trial by (1) failing to participate in a scheduling conference; and (2) failing to express a desire for a jury trial at a pretrial conference and during the bench trial).

Respondents assert that, while petitioner is not represented by an attorney, he is a sophisticated litigant, demonstrated by given his history of filing numerous actions in the Circuit Court of Jefferson County.[2] In the instant case, the circuit court refused to consider petitioner's challenge to certain language contained in the special election ballot because petitioner never amended his complaint to include that claim and refused to consider issues raised by petitioner in other cases not then before the court. First, petitioner contends that he raised the issue of the ballot language, but acknowledges that he knew that he needed to amend the complaint to assert that claim. Given that acknowledgement, we find that petitioner's failure to file a motion to file an amended complaint constituted a waiver of his challenge to the ballot language. Second, petitioner contends that the circuit court should have considered issues raised in his other cases on the ground that resolution of those issues could have potentially affected the outcome of this case. However, if petitioner believed that the issues raised in his other cases could have impacted the instant case, we find that petitioner was sufficiently familiar with court procedure to know that he could file a motion to consolidate the cases together and failed to do so. Therefore, we conclude that the circuit court did not err in refusing to consider petitioner's challenge to certain language contained in the

---

[2]*See, e.g.*, *Tabb v. County Commission of Jefferson County*, No. 15-1155, at 4 (W.Va. Supreme Court, November 18, 2016) (memorandum decision); *Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W.Va. 762, 771, 724 S.E.2d 733, 742 (2012).

special election ballot and in refusing to consider issues raised by petitioner in other cases not then before the court.[3]

Next, petitioner contends that the circuit court was unduly dismissive of certain of his arguments by addressing them in footnotes in its summary judgment order. However, we concern ourselves not with the manner in which the circuit court drafted its order, but with whether the order reflects both the existing law and the record before the court. *See State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 214, 470 S.E.2d 162, 168 (1996) (rejecting complaint that the court adopted proposed findings of opposing party nearly verbatim). Moreover, the circuit court acknowledged petitioner's complaint in its order denying the motion to alter or amend the judgment and addressed those issues previously relegated to footnotes in the body of that order. Therefore, we conclude that this contention is without merit.

Finally, petitioner notes the absence of a ruling prior to the voters' approval of the excess levy at the December 12, 2015, special election and that the lack of such a ruling was not attributed to him. However, we find that petitioner was not prejudiced by the lack of a ruling prior to the special election because the circuit court proceeded with his claim that the election's result should be invalidated given respondents' alleged failure to comply with statutory requirements. Therefore, we find that this contention is without merit. Accordingly, we conclude that the circuit court considered petitioner's arguments that were properly before the court and treated petitioner fairly by affording him adequate due process.[4]

Having addressed those issues solely raised on appeal, and having reviewed the circuit court's April 20, 2016, "Order Granting Defendants' Motions for Summary Judgment" and its May 23, 2016, "Order Denying Plaintiff's Motion to Alter or Amend Judgment," we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to all other issues raised by petitioner in this appeal. The Clerk is directed to attach a copy of each circuit court order to this memorandum decision. We conclude that the circuit court did not err in awarding summary judgment to respondents.

For the foregoing reasons, we affirm.

Affirmed.

---

[3]One issue that petitioner wanted to raise from another pending case has now been rejected by this Court. In *Tabb v. County Commission of Jefferson County*, No. 15-1155, at 4 (W.Va. Supreme Court, November 18, 2016) (memorandum decision), we found that petitioner was precluded from arguing that the County Commission must hold its meetings at the Jefferson County Courthouse, rather than at the Charles Town Library, given the parties' settlement agreement providing that the library constituted a proper and lawful place for the Commission to meet.

[4] We note that petitioner was due a fair proceeding, not a perfect one. *See Sprouse v. Clay Communication, Inc.*, 158 W.Va. 427, 464, 211 S.E.2d 674, 698 (1975).

4

**ISSUED:** June 2, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

RECEIVED

APR 20 2016

JEFFERSON COUNTY
CIRCUIT CLERK

David C. Tabb,

    Plaintiff,

v.

           Civil Action No. 15-C-282
           Honorable Donald H. Cookman

Jefferson County Board of Education
Dr. Bondy Shay Gibson, Superintendent of Schools
for Jefferson County West Virginia
Scott Sudduth, President
Mark Osbourn, Vice President
Gary Kable, Board Member
Laurie Ogden, Board Member
Kathryn Skinner, Board Member,

and

The Jefferson County Commission
Jane Tabb, President
Patsy Noland, Vice President
Dale Manuel, Commissioner
Walt Pellish, Commissioner
Eric Bell, Commissioner,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the Court following the "Motion to Dismiss of Defendants,

Jefferson County Board of Education, Dr. Bondy Shay Gibson, Scott Sudduth, Mark Osbourn,

Gary Kable, Laurie Ogden, and Kathryn Skinner" (collectively, the "BOE Defendants") and the

"Motion to Dismiss and Incorporated Memorandum of Law" of Defendants The Jefferson

County Commission; Jane Tabb, in her official capacity; Patsy Noland, in her official capacity;

1

Dale Manuel, in his official capacity; Walt Pellish, in his official capacity; and Eric Bell, in his official capacity (collectively, the "County Commission Defendants").

Upon receipt and consideration of documents outside of the pleadings, this Court, by Order dated February 24, 2016, converted the aforementioned motions to dismiss into motions for summary judgment. The parties were permitted to provide additional briefing or documentation, if necessary. Upon receipt of additional briefing from each party, and because Plaintiff David C. Tabb questioned the authenticity of documents submitted by the BOE Defendants, this Court ordered, by Order dated March 24, 2016, that authenticating documents and objections thereto be filed. As all such briefing and documentation has been submitted, the issues presented in the filings are ripe for disposition.

The Court has reviewed and considered the motions to dismiss and for summary judgment, Plaintiff's responses to each, Defendants' replies, all authenticating documents, and relevant case and statutory law; therefore, it makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. On or about November 12, 2015, Plaintiff David C. Tabb initiated the instant lawsuit by filing a Verified Complaint for Declaratory Judgment and Petition for Prohibition.

2. Mr. Tabb seeks a declaration as to whether the BOE Defendants and the County Commission Defendants were required to comply with West Virginia Code §§ 11-8-9, 11-8-12, and 11-8-16 prior to the holding of the December 12, 2015, special excess levy election.

3. Mr. Tabb also sought a writ of prohibition to halt the special election due to Defendants' alleged failure to comply with the above-cited statutes. Mr. Tabb, however, agrees that this component of his Verified Complaint is moot as a result of the special election having

2

already taken place. Accordingly, the only matter pending for resolution is Mr. Tabb's request for declaratory relief.

4.        In moving for summary judgment, the BOE Defendants argue that the requirements set forth in the statutes cited by Mr. Tabb have either been completed or were not yet due for completion at the time he initiated this suit.

5.        The County Commission Defendants join in the BOE Defendants' arguments and also argue that no justiciable controversy exists.

## CONCLUSIONS OF LAW

6.        Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W. Va. R. Civ. P. 56(c).

7.

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Id. at 56(f).

8.

An opponent of a summary judgment motion requesting a continuance for further discovery need not follow the exact letter of Rule 56(f) of the West Virginia Rules of Civil Procedure in order to obtain it. When a departure from the rule occurs, it should be made in written form and in a timely manner. The statement must be made, if not by affidavit, in some authoritative manner by the party under penalty of perjury or by written representations of counsel. At a minimum, the party making an informal Rule 56(f) motion must satisfy four requirements. It should (1) articulate some plausible basis for the party's belief that specified

'discoverable' material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

Syl. Pt. 5, *Hinerman v. Rodriguez*, 230 W. Va. 118, 736 S.E.2d 351 (2012) (citation omitted).

9.     To begin, Mr. Tabb asserts that a grant of summary judgment would be premature at this juncture and that he is entitled to conduct discovery. He has submitted an affidavit purporting to outline disputed issues of material fact that he claims must be resolved by a jury and that preclude disposition by summary judgment.[1] In his "Response to Defendants Motions to Dismiss/For Summary Judgment," he also asserts that "upon his being permitted to conduct depositions, submit interrogatories and file affidavits facts will be developed on the record which will clearly demonstrate that there are genuine material facts in dispute for a jury to decide in determining whether Plaintiff will receive the declaratory relief he is seeking."

10.    Mr. Tabb, however, has failed to specify any "discoverable material facts [that] likely exist [and that] have not yet become accessible to the party." Syl. Pt. 5, *Hinerman*. As a result of that failure, he has failed to demonstrate how any identified but yet undiscovered material facts will "suffice to engender an issue both genuine and material." *Id.* Thus, Mr. Tabb has failed to establish that any discovery is necessary for the resolution of this matter, and this Court may proceed to resolve these issues on summary judgment.

11.    Mr. Tabb's Verified Complaint centers on the construction of three statutes: West Virginia Code §§ 11-8-9, 11-8-12, and 11-8-16.

---

[1]     This Court notes that "[I]nterpreting a statute or an administrative rule or regulation presents a purely legal question[.]" Syl. Pt. 1, *United Bank, Inc. v. Stone Gate Homeowners Ass'n, Inc.*, 220 W. Va. 375, 647 S.E.2d 811 (2007). Accordingly, that portion of Mr. Tabb's Verified Complaint seeking interpretation of statutes is not properly submitted to a jury. The Affidavit of David C. Tabb also includes reference to questions not before the Court in this matter and includes questions unnecessary to the resolution of the matter that is pending before this Court.

4

12. West Virginia Code § 11-8-9, at the relevant time period, read as follows:

(a) Each local levying body shall hold a meeting or meetings between the seventh and twenty-eighth days of March for the transaction of business generally and particularly for the business herein required.

(b) When a levy is placed on the ballot for consideration during a primary election, each local levying body may extend its time to meet as a levying body until the first day of June of that year.[2]

13. Mr. Tabb asserts that the BOE Defendants failed to meet between March 7 and 28, 2015, as prescribed by West Virginia Code § 11-8-9. Mr. Tabb's assertion is belied by Exhibits A and B to the BOE Defendants' "Reply to Plaintiff's Response to Motion to Dismiss[.]"[3] The BOE Defendants, as evidenced by the aforementioned Exhibits and in compliance with West Virginia Code § 11-8-9, met on March 9, 2015, and March 23, 2015. Accordingly, there is no genuine issue of material fact about whether or not the BOE Defendants held "a meeting or meetings between the seventh and twenty-eighth days of March for the transaction of business generally and particularly for the business herein required," as mandated by West Virginia Code § 11-8-9. The statute requires the BOE Defendants to have met for the transaction of business in March of 2015, which they did.

---

[2] West Virginia Code § 11-8-9 has been amended. The amendments became effective on May 29, 2015, and after the time period for the meeting set forth within the statute. "A statute is presumed to operate prospectively unless the intent that it shall operate retroactively is clearly expressed by its terms or is necessarily implied from the language of the statute." Syl. Pt. 1, *Myers v. Morgantown Health Care Corp.*, 189 W. Va. 647, 434 S.E.2d 7 (1993) (citations and internal quotations omitted). Mr. Tabb asserts in his Verified Complaint that the BOE Defendants "failed to forward a certified copy of the statement [required by West Virginia Code § 11-8-12] to the [auditor] by May 1, 2015[,] and . . . failed by May 1, 2015 to have published said statement." To the extent this allegation implicates reporting requirements in the amendments to West Virginia Code § 11-8-9, it is not properly before the Court. The amendments were not yet effective and apply prospectively. To the extent this allegation speaks to an obligation arising in West Virginia Code § 11-8-12, that argument is addressed in this Court's conclusions relative to that Code Section.

[3] Mr. Tabb was afforded an opportunity to object to the BOE Defendants' authentication of these documents. Mr. Tabb "does not object to said *Certification of Records* by Dr. Gibson and same being considered by the Court as evidence in deciding Defendant[s] *Motion for Summary Judgment[.]*" Pl.'s Resp. to Def.'s, Submission of Docs. to be Authenticated, p. 2. Although Mr. Tabb objects to the consideration of other documents, his objection fails. Nonetheless, this Court need not address that matter as it is not relying on those other documents in its disposition.

14.    Mr. Tabb also asserts that the BOE Defendants failed to comply with the requirements of West Virginia Code § 11-8-12 during the March meetings.

15.    West Virginia Code § 11-8-12 requires a Board of Education to

[a]t the session provided for in section nine of this article, *if the laying of a levy has been authorized by the voters of the district* under nine, chapter eighteen of the code, ascertain the condition of the fiscal affairs of the district, and make a statement setting forth:

(1) The amount due, and the amount that will become due and collectible during the current fiscal year except from the levy of taxes to be made for the year;

(2) The interest, sinking fund and amortization requirements for the fiscal year of bonded indebtedness legally incurred upon a vote of the people, as provided by law, by any school district existing prior to May 22, 1933, before the adoption of the Tax Limitation Amendment;

(3) Other contractual indebtedness not bonded, legally incurred by any such school district existing prior to May 22, 1933, before the adoption of the Tax Limitation Amendment, owing by such district;

(4) The amount to be levied for the permanent improvement fund;

(5) The total of all other expenditures to be paid out of the receipts for the current fiscal year, with proper allowance for delinquent taxes, exonerations and contingencies;

(6) The amount of such total to be raised by the levy of taxes for the current fiscal year;

(7) The proposed rate of levy in cents on each $100 assessed valuation of each class of property;

(8) The separate and aggregate amounts of the assessed valuation of real, personal and public utility property within each class.

(Emphasis added.)

16.    Mr. Tabb contends that the BOE Defendants failed to "ascertain the condition of the fiscal affairs of the district" and failed to "making a statement setting forth" the information

6

enumerated within West Virginia Code § 11-8-12. He also asserts that the BOE Defendants "failed to forward a certified copy of the statement to the [auditor] by May 1, 2015; and . . . failed by May 1, 2015 to have published said statement." By the statute's terms, however, the BOE Defendants were only required to ascertain the condition of the fiscal affairs of the district and make a statement with the required information "if the laying of a levy has been authorized by the voters of the district." As of the date of the hearing mandated by West Virginia Code § 11-8-9, the subject levy had not be authorized by the voters. Accordingly, the BOE Defendants could not have complied with this Code Section at the March 2015 meetings and were not required to comply with this Code Section until its March 2016 meeting. Thus, as with Mr. Tabb's allegations under West Virginia Code § 11-8-9, there is no genuine issue of material fact as to the construction or requirements mandated by West Virginia Code § 11-8-12. The statute is clear on its face, and the BOE Defendants need not have complied with its requirements during its March 2015 meetings.

17.     Lastly, Mr. Tabb asserts that the BOE Defendants failed to "enter on its record of proceedings an order setting forth" the information required by West Virginia Code § 11-8-16.

18.     West Virginia Code § 11-8-16 sets forth, in relevant part, that

> [a] local levying body may provide for an election to increase the levies by entering on its record of proceedings an order setting forth:
>
> (1) The purpose for which additional funds are needed;
>
> (2) The amount for each purpose;
>
> (3) The total amount needed;
>
> (4) The separate and aggregate assessed valuation of each class of taxable property within its jurisdiction;
>
> (5) The proposed additional rate of levy in cents on each class of property;

7

(6) The proposed number of years, not to exceed five, to which the additional levy applies;

(7) The fact that the local levying body will or will not issue bonds, as provided by this section, upon approval of the proposed increased levy.

19. Mr. Tabb's assertion that the BOE Defendants failed to comply with this Code Section is simply wrong. The "Notice of Special Election for Renewal of Additional Levy to the Voters of Jefferson County," appended as Exhibit B to the BOE Defendants' Motion to Dismiss, memorializes a meeting held on September 14, 2015, at which an order complying with West Virginia Code § 11-8-16 was entered on the record. Thus, there is no genuine issue of material fact as to whether or not the BOE Defendants complied with West Virginia Code § 11-8-16. Mr. Tabb is not entitled to a declaratory judgment concerning the construction of a statute that is plain on its face and with which the BOE Defendants are in compliance.

20. Mr. Tabb's allegations against the County Commission Defendants center on their approval of the December 12, 2015, special excess levy election without having verified the BOE Defendants' compliance with West Virginia Code §§ 11-8-9, 11-8-12, and 11-8-16.[4] Because the BOE Defendants have complied with the subject Code Sections as necessary, the County Commission Defendants are similarly entitled to summary judgment.

21. Accordingly, this Court hereby GRANTS the "Motion to Dismiss of Defendants, Jefferson County Board of Education, Dr. Bondy Shay Gibson, Scott Sudduth, Mark Osbourn, Gary Kable, Laurie Ogden, and Kathryn Skinner" and the County Commission Defendants' "Motion to Dismiss and Incorporated Memorandum of Law," which have been converted into motions for summary judgment, for the reasons stated herein. Plaintiff's Verified Complaint is

---

[4] Mr. Tabb also raises issues concerning the County Commission Defendants' alleged failure to ensure properly calculated property values and alleged improper holding of meetings in the Charles Town Library. These issues have been raised and disposed of in separate actions and are not properly before this Court in this proceeding.

8

therefore DISMISSED WITH PREJUDICE.

The Clerk of this Court is directed to forward attested copies of this Order to all counsel

and pro se parties of record as follows:

4 cc's:

David C. Tabb
107 Tabb Lane
Harpers Ferry, WV 25425

Tracey B. Eberling
Steptoe & Johnson PLLC
1250 Edwin Miller Blvd.
P. O. Box 2629
Martinsburg, WV 25402

Michelle Lee Dougherty
Steptoe & Johnson PLLC
P. O. Box 751
Wheeling, WV 26003

Nathan Cochran
Jefferson County Prosecuting Attorney's Office
124 E. Washington St., 2nd Floor
Charles Town, WV 25414

4·21·16 BC

ENTER this 16th day of April, 2016.

Donald H. Cookman, Judge

A TRUE COPY
ATTEST

LAURA E. STORM
CLERK CIRCUIT COURT
JEFFERSON COUNTY, W VA

B. Clerk
DEPUTY CLERK

-9-

Tabb

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

David C. Tabb,

**RECEIVED**

MAY 23 2016

JEFFERSON COUNTY
CIRCUIT CLERK

Plaintiff,

v.

Civil Action No. 15-C-282
Honorable Donald H. Cookman

Jefferson County Board of Education
Dr. Bondy Shay Gibson, Superintendent of Schools
for Jefferson County West Virginia
Scott Sudduth, President
Mark Osbourn, Vice President
Gary Kable, Board Member
Laurie Ogden, Board Member
Kathryn Skinner, Board Member,

and

The Jefferson County Commission
Jane Tabb, President
Patsy Noland, Vice President
Dale Manuel, Commissioner
Walt Pellish, Commissioner
Eric Bell, Commissioner,

Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

This matter comes before the Court following Plaintiff's "Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure" (the "Motion"). The Jefferson County Board of Education, Dr. Bondy Shay Gibson, Scott Sudduth, Mark Osbourn, Gary Kable, Laurie Ogden, and Kathryn Skinner (collectively, the "BOE Defendants") and the Jefferson County Commission, Jane Tabb, Patsy Noland, Dale Manuel, Walt Pellish, and Eric Bell (collectively, the "Commission Defendants") filed responses in opposition.

1

The Court has reviewed and considered the motion and responses, and makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. On November 12, 2015, Plaintiff David C. Tabb initiated the instant lawsuit by filing a Verified Complaint for Declaratory Judgment and Petition for Prohibition.

2. By order dated April 20, 2016 (the "Order"), and following briefing by the parties, this Court entered summary judgment in favor of all Defendants.

3. Mr. Tabb thereafter filed his Motion, in which he "address[es] the Courts (sic) mistaken *Findings of Fact* . . . and errors by the Court in its *Conclusions of Law*" set forth in its Order.

4. The BOE Defendants oppose Plaintiff's Motion, stating that he has not established that any possible ground for relief exists. Plaintiff is simply attempting to re-litigate old matters. The BOE Defendants also note that, although Plaintiff attempts to raise several new arguments in support of his Motion, the consideration of such new arguments or evidence, where available earlier, is not proper in a motion to alter or amend brought pursuant to West Virginia Rule of Civil Procedure 59(e).

5. The Commission Defendants join in the BOE Defendants' response. The Commission Defendants also respond to several of the new arguments raised by Plaintiff in his Motion.

6. Each purported mistake and error will be addressed in turn.

## CONCLUSIONS OF LAW

7.

A motion under Rule 59(e) of the West Virginia Rules of Civil Procedure should be granted where: (1) there is an intervening change in

2

controlling law; (2) new evidence not previously available comes to light; (3) it becomes necessary to remedy a clear error of law or (4) to prevent obvious injustice.

Syl. Pt. 2, *Hinerman v. Rodriguez*, 230 W. Va. 118, 736 S.E.2d 351 (2012) (citation omitted).[1]

8. Mr. Tabb first claims that paragraph two in the Order is incorrect in its assertion that he sought a declaration as to whether Defendants were required to comply with West Virginia Code §§ 11-8-9, 11-8-12, and 11-8-16. Mr. Tabb claims that he only challenged the BOE Defendants' failure to comply with West Virginia Code § 11-8-9.

9. Mr. Tabb's current assertion is belied by various paragraphs in his Verified Complaint. First, Mr. Tabb "request[ed] this Court . . . to DECLARE whether pursuant to *WV Code 11-8-9; 11-8-12; and 11-8-16*, . . . the Jefferson County Board of Education . . . was required to perform, prior to May 1, 2015, certain acts that are statutorily required[.] Verified Compl., ¶ 1. Further, "Petitioner says the precise and specific acts the members of the Jefferson County Board of Education were required to perform . . . are set forth in *WV Code 11-8-9; 11-8-12; and 11-8-16*." *Id.* at ¶ 2. Mr. Tabb proceeds to insert the text of those statutes within the body of his Verified Complaint and assert that he is "aggrieved by the Jefferson County School Board having scheduled a Special Levy Election to take place on December 12, 2015 without first having complied with" all three aforementioned Code Sections. *Id.* at ¶¶ 3 and 7. Thus, Mr. Tabb is incorrect in his assertion, and the assertion fails to warrant any change or amendment to the Order.

10. Mr. Tabb also claims, in essence, that the BOE Defendants were required to comply with amendments to West Virginia Code § 11-8-9 that were not yet in effect at the time

---

[1] Although Mr. Tabb does not specifically identify the circumstance set forth in *Hinerman* that would entitle him to Rule 59(e) relief, this Court presumes he is bringing his motion "to remedy a clear error of law" or "to prevent obvious injustice." Mr. Tabb has not identified an intervening change in controlling law or any new evidence not previously available.



of the challenged conduct.    He contends that, per West Virginia Code § 11-8-9, the BOE Defendants were required to "file a report of the meeting no later than the 15th day of April, 2015." This is in reference to an amendment that became effective on May 29, 2015. Prior to May 29, 2015, no such reporting requirement was contained within that Code Section. Rather, the BOE Defendants were required only to "hold a meeting or meetings between the seventh and twenty-eighth days of March for the transaction of business generally and particularly for the business herein required." W. Va. Code § 11-8-9(a).

11.    Mr. Tabb also takes issue with this Court's relegation to a footnote the discussion of whether the amendment with which he contends the BOE Defendants should have complied applies prospectively or retroactively.

12.    Besides the obvious impediment to complying with a requirement not in effect, i.e., filing a report by April 15, 2015, when such filing requirement did not become effective until May, 29, 2015, Mr. Tabb is also incorrect in his assertion that he should have been able to brief whether the Code Section should be applied retroactively or prospectively.    He also incorrectly contends that discovery would assist in the resolution of this matter.    Plainly and simply, the law is that "[a] statute is presumed to operate prospectively unless the intent that it shall operate retroactively is clearly expressed by its terms or is necessarily implied from the language of the statute." Syl. Pt. 1, *Myers v. Morgantown Health Care Corp.*, 189 W. Va. 647, 434 S.E.2d 7 (1993). The statute does not expressly state that it is to operate retroactively, nor could that be necessarily implied from the statute.    No amount of briefing or discovery will change this law or the text of the statute itself.    Accordingly, this Court's findings in this regard need not be altered or amended to "remedy a clear error of law" or "to prevent obvious injustice."

4

13.     Next, Mr. Tabb states that this Court's Conclusions of Law set forth in paragraphs 13, 14, and 15 of the Order "do not address any issue raised by Petitioner and thus are not facts and (sic) that support the granting of Defendants (sic) *Motion for Summary Judgment.*"

14.     Paragraphs 13, 14, and 15 address Mr. Tabb's assertion that the BOE Defendants failed to comply with West Virginia Code §§ 11-8-9 and 11-8-12. As set forth above, Mr. Tabb did challenge the BOE Defendants' compliance with those statutes, and they were properly addressed by the Court in its Order. More importantly, Mr. Tabb has failed to explain how these conclusions present a clear error of law, and he has failed to explain how any amendment or alteration would remedy any clear error of law or prevent an obvious injustice.

15.     Mr. Tabb also challenges paragraph 16 of the Order. That paragraph addresses reporting requirements found within West Virginia Code § 11-8-12. Again, in raising this particular challenge, Mr. Tabb directs this Court to the reporting requirements now found in West Virginia Code § 11-8-9, but which were not in effect during the relevant time period. In short, Mr. Tabb claims that the Court mistakenly discusses West Virginia Code § 11-8-12's reporting requirements and the BOE Defendants' compliance therewith, when the Court should have addressed the reporting requirements now found in West Virginia Code § 11-8-9.

16.     To begin, as set forth above, the BOE Defendants were not required to comply with a statute in April that was not effective until May. The Court made findings to this effect in its Order. The Order also properly contained findings regarding the BOE Defendants' compliance with West Virginia Code § 11-8-12 because Mr. Tabb's Verified Complaint challenges the BOE Defendants' compliance with West Virginia Code § 11-8-12. As with Mr. Tabb's previous ground, this ground fails to identify any clear error of law and fails to explain how an alteration or amendment would prevent an obvious injustice.

5

17.    Mr. Tabb's next challenge is to paragraphs 17, 18, and 19 of the Order. Mr. Tabb contends that these paragraphs are "irrelevant to the issues raised by" him and do not provide a basis for a grant of summary judgment.

18.    Paragraphs 17, 18, and 19 address Mr. Tabb's assertion in his Verified Complaint that Defendants failed to comply with West Virginia Code § 11-8-16. Although Mr. Tabb is apparently now claiming that he did not challenge Defendants' compliance with West Virginia Code §§ 11-8-12 and 11-8-16, that contention is contradicted by his Verified Complaint, including the paragraphs identified above. Thus, Mr. Tabb has failed to establish that he is entitled to an amendment or alteration of the Order on this ground to remedy a clear error of law or prevent an obvious injustice.

19.    Mr. Tabb claims that this Court is "absolutely incorrect" in paragraph 20 of the Order in characterizing his challenge to the Commission Defendants as one predicated on the Commission Defendants' approval of the BOE Defendants' conduct with respect to the three statutes at issue.

20.    This Court's characterization of Mr. Tabb's claims against the Commission Defendants comes straight from Mr. Tabb's Verified Complaint. He states that the Commission Defendants "are parties to this proceeding . . . b) because the members of the Jefferson County Commission on August 13, 2015 approved the December 12, 2015 Special Levy Election without first determining whether the Jefferson County School Board had complied with *WV Code 11-8-9, 11-8-12, and 11-8-16*[.]" Verified Compl. ¶ 8.

21.    Mr. Tabb, however, also claims that this characterization is inaccurate because he includes challenges to certain calculations and assessed values. In that vein, he asserts that this Court "committed procedural error by the dismissive relegation to footnote 4" its basis to ignore

6



the issues raised in paragraph 8. Footnote 4 of the Order explains that this Court will not address issued raised by Mr. Tabb that are currently being litigated in other civil actions because they are not properly before this Court. Mr. Tabb admits that the issues raised in paragraph 8 of the Verified Complaint are "being litigated albeit with a different judge[.]"

22. This Court may not consider and rule upon issues being litigated in other cases. The fact that these other cases are in the same circuit court is of no moment. The other cases and issues presented therein are not properly before this Court. For this Court to alter or amend its Order to include rulings on issues being litigated in other matters would not remedy a clear error of law or prevent an obvious injustice. To the contrary, such action by this Court would present a clear error of law.

23. Moreover, Mr. Tabb presents arguments here that were not presented during the summary judgment briefing. "A motion under Rule 59(e) is not appropriate for presenting new legal arguments, factual contentions, or claims that could have previously been argued." *Mey v. Pep Boys – Manny, Moe & Jack*, 228 W. Va. 48, 56, 717 S.E.2d 235, 243 (2011). Thus, even assuming the issues raised were not being litigated in other actions, these new arguments would not be properly considered here because the legal arguments and factual contentions could have previously been argued.

24. Lastly, Mr. Tabb asserts that certain language contained in the ballot is illegal. Because Mr. Tabb's Verified Complaint did not include any challenge to this identified language, the lawfulness of that language was not properly before the Court.

25. Accordingly, this Court hereby **DENIES** the "Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure," for the reasons stated herein.

7

The Clerk of this Court is **DIRECTED** to remove this matter from the Court's docket,

place it among the matters ended, and to forward attested copies of this Order to all counsel and

pro se parties of record as follows:

4 cc:

David C. Tabb
107 Tabb Lane
Harpers Ferry, WV 25425

Tracey B. Eberling
Steptoe & Johnson PLLC
1250 Edwin Miller Blvd.
P. O. Box 2629
Martinsburg, WV 25402

Michelle Lee Dougherty
Steptoe & Johnson PLLC
P. O. Box 751
Wheeling, WV 26003

Nathan Cochran
Jefferson County Prosecuting Attorney's Office
124 E. Washington St., 2nd Floor
Charles Town, WV 25414

5.23.16 BC

ENTER this 2/3 day of May, 2016.

Donald H. Cookman, Judge

A TRUE COPY
ATTEST:

LAURA E STORM
CLERK CIRCUIT COURT
JEFFERSON COUNTY, W. VA.

B. Chan
DEPUTY CLERK

8