**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Ronald C. Davis,
Petitioner Below, Petitioner

**vs.)   No. 20-0897** (Jackson County 19-C-77)

Donnie Ames, Superintendent,
Mt. Olive Correctional Complex,
Respondent Below, Respondent

**MEMORANDUM DECISION**

Self-represented petitioner Ronald C. Davis appeals the October 20, 2020, order of the Circuit Court of Jackson County denying his second petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Andrea Nease Proper, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 23, 2010, petitioner barricaded the front door and windows of a home he shared with the victim, Carol Parsons, and set fire to the home. The victim was inside and died as a result of the fire. The victim's daughter and son-in-law lived beside the home and reported that they heard pounding and a scream from the victim's home on the night in question. The victim's son-in-law reported to police that he saw petitioner bend over on the victim's front porch immediately before a ball of flames shot over petitioner's head. Bystanders attempted to rescue the victim, but were unsuccessful. Several witnesses stated that, while they attempted to rescue the victim, petitioner watched, petted a dog, barked, laughed, and whittled wood. Petitioner also told the victim's family that night that he "burned her alive." When police arrived on the scene, petitioner gave inconsistent accounts of his whereabouts when the fire started. Petitioner was indicted on one count of first-degree murder and one count of first-degree arson. After a seven-day

1

trial, during which the State presented thirty-eight witnesses in support of its case, a jury found petitioner guilty on both counts of the indictment. The jury did not recommend mercy on the murder conviction. By order entered on September 19, 2011, the Circuit Court of Jackson County sentenced petitioner to a life term of incarceration, without the possibility of parole, for first-degree murder and twenty years of incarceration for first-degree arson, said sentences to run consecutively.

Petitioner filed an appeal from the September 19, 2011, sentencing order, raising eight assignments of error: (1) unreasonable constraints were placed upon the questioning and cross-examination of witnesses at the preliminary hearing; (2) it was error for the circuit court to refuse to strike a witness's testimony; (3) it was reversible error for the circuit court not to admit twenty tape recorded conversations between petitioner and the victim into evidence; (4) it was error for the circuit court to deny a mistrial after a witness's testimony was found to be incorrect; (5) it was error for the circuit court to admit petitioner's statements to law enforcement into evidence because the statements were made without the provision of *Miranda* warnings;[1] (6) the indictment should have been dismissed due to spoliation of evidence; (7) it was error for the circuit court to not give an instruction about spoliation of evidence; and (8) petitioner was coerced by the circuit court into making a hasty decision as to whether he would testify on his own behalf. In *State v. Davis* ("*Davis I*"), 232 W. Va. 398, 752 S.E.2d 429 (2013), this Court rejected petitioner's assignments of error and affirmed his convictions. *Id.* at 406-16, 752 S.E.2d at 437-47.

On February 24, 2014, petitioner filed his first petition for a writ of habeas corpus in the circuit court, alleging prosecutorial misconduct and ineffective assistance of trial counsel. The circuit court appointed habeas counsel who filed an amended petition on March 17, 2016.[2] In the amended habeas petition, petitioner alleged ineffective assistance of trial counsel, insufficient evidence to sustain petitioner's convictions, prejudicial pretrial publicity, excessive sentences, and knowing use of perjured testimony. At a November 11, 2016, habeas corpus hearing, petitioner provided testimony as to additional issues raised in the *Losh* checklist,[3] which were (1) unconstitutional statutes; (2) no offense shown on the face of indictment; (3) mental competency at the time of the offenses; (4) language barrier to understanding the proceeding; (5) unintelligent waiver of counsel; (6) coerced confessions; (7) falsified transcript; (8) erroneous presentence report; (9) irregularities in arrest; (10) illegal detention prior to arraignment; (11) irregularities in

---

[1]*See Miranda v. Arizona*, 384 U.S. 436 (1966).

[2]At a November 11, 2016, habeas corpus hearing, the circuit court noted that "another amended [habeas] petition" was filed on March 16, 2016. Petitioner's habeas counsel informed the circuit court that, due to a modification, the March 16, 2016, amended habeas petition was withdrawn in favor of the March 17, 2016, amended habeas petition.

[3]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), where we set forth the most common grounds for habeas relief. *See id.* at 768-70, 277 S.E.2d at 611-12.

arraignment; (12) irregularities in grand jury composition or procedure; (13) failure to provide a copy of the indictment; (14) defective indictment; (15) denial of a continuance; (16) refusal to subpoena witnesses; (17) prejudicial joinder of defendants; (18) refusal to disclose witness notes; (19) use of informers to convict; (20) constitutional errors in evidentiary rulings; (21) prejudicial statements by the trial judge; and (22) prejudicial statements by the prosecutor. During cross-examination by respondent, petitioner's testimony was generally to admit that there was no factual basis for a claim being raised, to state that he did not know the basis for raising the claim, or to rely upon assertions such as "[t]he whole case is wrong" and "it's wrong, you know, the way [the State] done it." Also, at the habeas corpus hearing, petitioner presented the testimony of one of his trial counsels in support of his ineffective assistance claim, and the circuit court took judicial notice of the record of the underlying criminal case.

By order entered on December 28, 2016, the circuit court denied the amended petition in petitioner's first habeas proceeding. As an initial matter, the circuit court noted that petitioner submitted a *Losh* checklist at the habeas corpus hearing and found that petitioner "waived all [claims] except for those set forth" in the *Losh* checklist. The circuit court further found that petitioner "presented no evidence . . . that would warrant granting the [a]mended [habeas] [p]etition[.]" With regard to alleged ineffective assistance of counsel, the circuit court determined that petitioner failed to show that "[trial] counsels' performance was deficient" and that, "[e]ven if . . . [trial] counsels' performance was deficient, [p]etitioner . . . provided no proof whatsoever that[,] but for their alleged unprofessional errors, the outcome of the trial would have been different." In rejecting petitioner's insufficient evidence claim, the circuit court found that sufficient evidence existed to support his convictions for murder and arson as there was evidence that the victim died of smoke inhalation, that petitioner started the fire using an accelerant, and that "[p]etitioner made statements at the scene that he burned the victim." Petitioner appealed the circuit court's denial of his amended habeas petition in *Davis v. Ames* ("*Davis II*"), No. 17-0261, 2019 WL 1765252 (W. Va. Apr. 19, 2019) (memorandum decision), in which he raised five assignments of error: ineffective assistance of trial counsel, insufficient evidence to sustain petitioner's convictions, prejudicial pretrial publicity, excessive sentences, and knowing use of perjured testimony. This Court in *Davis II* rejected petitioner's assignments of error and affirmed the denial of the amended habeas petition. *Id.* at *2-6.

On September 30, 2019, petitioner filed a second habeas petition in the circuit court, alleging that he was denied an adequate opportunity to be heard because he appeared at the November 11, 2016, habeas corpus hearing via video conference and that he was denied effective assistance of habeas counsel because habeas counsel failed to either adequately present or failed to raise viable habeas claims in *Davis II*. According to petitioner, habeas counsel was negligent because he failed to assert or adequately present the following claims in petitioner's first habeas proceeding: ineffective assistance of trial counsel, prosecutorial misconduct, knowing use of perjured testimony, refusal to disclose witness notes, use of informers to convict, irregularities in grand jury procedure, no offense shown on the face of indictment, defective indictment, false testimony presented to the grand jury, coerced confessions, improper interrogation, and prejudicial pretrial publicity. By order entered on October 20, 2020, the circuit court denied the second habeas petition. The circuit court rejected petitioner's argument that his appearance at the November 11, 2016, habeas corpus hearing via video conference prevented him from fully participating in that

3

hearing. In rejecting the claim ostensibly raising ineffective assistance of counsel, the circuit court reiterated its prior finding that "[p]etitioner executed a '*Losh* List' by which he knowingly waived any grounds for . . . relief not raised [in *Davis II*]" and further found that habeas counsel raised claims on petitioner's behalf in *Davis II*, which then became the five assignments of error adjudicated by this Court on appeal. Accordingly, the circuit court further found that petitioner attempted to use ineffective assistance of habeas counsel in the instant habeas petition as a guise to relitigate issues previously waived and/or adjudicated.

Petitioner now appeals the circuit court's October 20, 2020, order denying his second habeas petition. This Court reviews a circuit court order denying a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> . . . .

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because we have before us the denial of petitioner's *second* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981): "A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]"

On appeal, petitioner advances several arguments to show that he deserves "another bite at the apple," i.e., another habeas corpus hearing with the appointment of counsel. *White*, 215 W. Va. at 705 n.9, 601 S.E.2d at 25 n.9 (affirming the denial of a prisoner's second habeas petition, finding that it "is difficult to muster any sound reasoning for giving [him] another bite at the apple"). Respondent counters that petitioner has the burden of showing that the circuit court's denial of his second habeas petition was erroneous. We agree with respondent and will address herein only those arguments that are arguably meritorious. We summarily reject all other arguments as without merit. *See Perdue*, 156 W. Va. at 467, 194 S.E.2d at 658, syl. pt. 2 (holding

4

that "[o]n an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court").

Petitioner argues that, due to the poor quality of the video conferencing system, he was denied an adequate opportunity to be heard at the habeas corpus hearing in *Davis II*. "The fundamental requisite of due process of law is the opportunity to be heard." *State ex rel. Peck v. Goshorn*, 162 W. Va. 420, 422, 249 S.E.2d 765, 766 (1978) (internal quotations and citations omitted); *see* Syl. Pt. 2, *Simpson v. Stanton*, 119 W. Va. 235, 193 S.E. 64 (1937) (holding that "the right to be heard" constitutes part of the due process of law guaranteed by the United States and West Virginia Constitutions). Here, upon our review of the habeas corpus hearing transcript, while there were instances when participants needed to repeat themselves and when documents needed to be held up to a screen so that petitioner could view them, we find that the one time petitioner desired to raise an issue with the circuit court and the attorneys, he was able to do so. Petitioner's trial counsel did not testify in person, but over the telephone. Petitioner initially did not know this and inquired about his inability to see trial counsel as trial counsel began to testify. Habeas counsel informed petitioner that trial counsel was "on the phone," and both habeas counsel and the circuit court asked petitioner if he could hear trial counsel's testimony. Petitioner answered, "I hear him[.]" Therefore, we find that petitioner's appearance via video conference did not prevent him from fully participating in the habeas corpus hearing in *Davis II*.

Petitioner further argues that he is entitled to another hearing with the appointment of counsel because "an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]" *Losh*, 166 W. Va. at 762-63, 277 S.E.2d at 608, syl. pt. 4. We disagree as we find that the circuit court properly relied upon *Losh* to deny the instant petition. "A mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." *Id.* at 771, 277 S.E.2d at 612. Here, petitioner listed the claims he alleged habeas counsel failed to raise in *Davis II*. The circuit court found this recitation of claims insufficient, reiterating its finding from the December 28, 2016, order, which was affirmed by this Court in *Davis II*, that "[p]etitioner executed a '*Losh* List' by which he knowingly waived any grounds for . . . relief not raised [in *Davis II*]." While petitioner disputes the circuit court's findings in *Davis II* and the instant case that he waived all claims not raised, we find that the court's findings are supported by petitioner's testimony at the habeas corpus hearing in *Davis II* as to which issues he waived or raised in the *Losh* checklist. Furthermore, as noted by the circuit court, habeas counsel raised claims on petitioner's behalf in *Davis II*, which then became the five assignments of error adjudicated by this Court on appeal. Indeed, petitioner has had claims waived and/or adjudicated before both the circuit court and this Court in both *Davis I* and *Davis II*. Therefore, we conclude that the circuit court properly found that petitioner attempted to use ineffective assistance of habeas counsel in the instant habeas petition as a guise to relitigate issues previously waived and/or adjudicated.

For the foregoing reasons, we affirm the circuit court's October 20, 2020, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

6